**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**La Vance EDWARDS,
Defendant-Appellant.**

**No. 78–1379.**

United States Court of Appeals,
Ninth Circuit.

Oct. 10, 1978.

Rehearing and Rehearing En Banc
Denied Dec. 1, 1978.

**30**

Howard W. Gillingham (argued), of Gillingham & Jackson, Los Angeles, Cal., for defendant-appellant.

Thomas D. Farrell, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CARTER and KENNEDY, Circuit Judges, and C. WILLIAM KRAFT, Jr., District Judge.*

PER CURIAM:

This appeal concerns a claim for $61.33 by defense counsel, Howard W. Gillingham, for the services of an investigator.

In the criminal case above captioned, Gillingham, appointed as defense attorney under the Criminal Justice Plan, applied on December 30, 1976 for the appointment of an investigator pursuant to 18 U.S.C. § 3006A. This was just before the New Year weekend. Without waiting for the court to act, Gillingham authorized a law student to undertake investigative work in the case. The application was denied by the court on January 3, 1977.

Thereafter, the criminal case above captioned went to a jury trial, and the jury was unable to agree as to the guilt or innocence of the supposed appellant, La Vance Edwards.

On February 3, 1977, the court declared a mistrial, and on February 7, 1977, dismissed the criminal charge against Edwards and exonerated his bond.

On February 7, 1977, Gillingham filed a supplemental affidavit, and on the same date renewed his previous application for the appointment of an investigator. The applications were denied by the trial court.

On February 14, 1977, there was filed in behalf of the supposed appellant, La Vance Edwards, a notice of appeal. (No. 77–3049).

On July 27, 1977, Gillingham filed with the Ninth Circuit a petition for a writ of mandamus entitled "In Re La Vance Edwards." (No. 77 -8058).

Answers were filed by the district judge, David Williams, and on October 25, 1977, a panel of this court denied the petition for a writ of mandamus. The panel also denied leave to appeal in forma pauperis in Cases Nos. 77--3049 and 77--8058.

On November 5, 1977, Gillingham filed, on behalf of appellant La Vance Edwards, a motion for reconsideration under the above case numbers, and on January 25, 1978, this court denied the motion, but stated that Edwards (the supposed appellant) could pursue his direct appeal. The case was then argued before this court on September 6, 1978.

Pursuant to a provision of the Criminal Justice Act (18 U.S.C. § 3006A), a plan for the Central District of California was adopted by the judges. Gillingham, the attorney, was familiar with the plan, and in fact quoted from it what appears hereafter.

The plan provided that investigative services could be obtained without prior authorization, subject to later review, if necessary for an adequate defense. The plan stated:

"A sworn application may be made by counsel to the Court on the appropriate CJA form for the ex parte review by the

---

* Honorable C. William Kraft, Jr., Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

judge (a magistrate) and for ratification of such expenses. *Such expenditures without prior Court authorization are not favored,* and in addition to showing that such expenditures were 'necessary for an adequate defense' and that the person was financially unable to obtain them, *the application for ratification must show why prior authorization could not have been obtained.*" (Emphasis added). District Court Plan, Part VI, § B, at 15.

Gillingham, although familiar with the plan and its terms, did not make the showing required for ratification of the ex parte appointment of the investigator, and he therefore, through his own fault, failed to comply with the provisions of the plan.

At oral argument Gillingham stated he was not interested in the money ($61.33), but it was the "principle" of the matter that he was interested in.

There is a serious question as to who the parties should be in such a proceeding. Edwards, the appellant in the above captioned case, was no longer interested in the outcome of the matter after the charges against him were dismissed in February 1977. Certainly, Gillingham is not a *party* to the above captioned criminal action.

Possibly Gillingham's remedy was by a petition for a writ of mandamus, but such a writ was denied by this court and reconsideration was also denied. Thus all sorts of jurisdictional questions are involved in the case.

Meanwhile, Gillingham, in pursuance of his own claim of $61.33, and purportedly in behalf of the claim of appellant Edwards, has caused three panels of this court to look into the matter: (1) the panel on the mandamus hearing; (2) the panel on the motion for reconsideration; and (3) the panel that heard this appeal. In view of the fact that Gillingham disclaimed any interest in the money, it is hard to avoid the conclusion that Gillingham's purpose was to harass the trial judge and the judges of this court.

Assuming, arguendo, jurisdiction and standing by the defendant Edwards to front for Gillingham's claim for the money, the judgment below is affirmed.

Mr. Gillingham is on the indigent panel of the Central District of California presumably because of his skills as a criminal defense attorney. Defense counsel, of course, must represent clients with zeal, but an attorney impedes the administration of justice when he seeks to harass the judiciary by repeatedly pressing an obviously meritless argument solely for the purpose of trying to embarrass the trial court or to display his personal pique at one of its rulings.